**COMMONWEALTH of Kentucky,
Appellant,**

v.

**Omar "Buck" BRADLEY and Charles
Brown, Jr., Appellees.**

Court of Appeals of Kentucky.

Oct. 25, 1974.

Ed W. Hancock, Atty. Gen., Kenneth A. Howe, Jr., Asst. Deputy Atty. Gen., Frankfort, for appellant.

Homer W. Ramsey, Whitley City, for appellees.

STEINFELD, Justice.

Appellees Omar "Buck" Bradley and Charles Brown, Jr., were elected and qualified constables. Each one equipped with an oscillating blue light the automobile which he owned individually and which he used in the performance of his official duties. They were charged with, and tried for violating KRS 189.950(2), but were found not guilty. From that judgment the Commonwealth petitions for a certification of the law pursuant to KRS 21.140(3).

KRS 189.920(2) reads as follows:

"All state, county, or municipal police vehicles and all sheriffs vehicles used as emergency vehicles shall be equipped with one or more flashing, rotating, or oscillating blue lights, visible under normal atmospheric conditions from a distance of 500 feet to the front of such vehicle, and a siren, whistle, or bell, capable of emitting a sound audible under normal conditions from a distance of not less than 500 feet. This equipment shall be in addition to any other equipment required by the motor vehicle laws."

KRS 189.950(2) in pertinent part provides:

"No motor vehicle, except those designated under KRS 189.910 to 189.950 as emergency vehicles, shall be equipped with, nor shall any person use upon a vehicle any red or blue flashing, revolv-

ing, or oscillating light or place a red light on the front thereof."

KRS 189.910(1) states:

*"Definitions for KRS 189.920 to 189.-950.*—As used in KRS 189.920 to 189.950, 'emergency vehicle' means any vehicle used for emergency purposes by a fire department; any vehicle used for emergency purposes by the state police, a public police department, or sheriff's office; any vehicle used for emergency purposes by a rescue squad; any publicly owned vehicle used for emergency purposes by a civil defense agency; ambulances; any vehicle commandeered by a police officer; or any motor vehicle used by a volunteer fireman while responding to an emergency."

The office of constable is created by Section 99 of the Constitution and constables are made peace officers by KRS 61.310, but there is no reference to a constable's vehicle or to the duties of a constable in KRS 189.920 to 189.950. Therefore, the vehicles which appellees used were not "emergency vehicles" as defined in KRS 189.910(1). It is our opinion that constables may not use blue flashing, blue revolving, or blue oscillating lights as a part of their motor vehicle equipment.

The law is so certified.

OSBORNE, C. J., and MILLIKEN and STEPHENSON, JJ., concur.

JONES, PALMORE and REED, JJ., dissent.

JONES, Justice (dissenting).

The majority opinion holds that Bradley and Brown, as elected constables of their respective districts cannot use "blue oscillating" lights as a part of their motor vehicle equipment. Neither can any constable in Kentucky.

I respectfully dissent. I think it was not the intent of the legislature to deprive constables of this privilege. Had that intent

been present, the legislature would have said so.

Historically, a constable was a high functionary under the English and French Kings. The dignity of his office was second only to the King. He was charged with the conservation of the peace in the nation. There was a Constable of France, and a Lord High Constable of England.

In English law a constable is a public officer whose proper duty is to keep the peace within his district. That concept was brought to America by the Colonists.

In American law the constable is to preserve the peace, execute process of magistrates' courts, and serve writs. He is charged with duties assigned to him by local law or by statute.

At its June term 1792, the legislature provided that constables be appointed by the county courts. The duties of constables then were essentially the same as now. They were conservators of the peace. See The Statute Law of Kentucky, Littell, Volume I, Ch. XXIII, Sec. 22. The present Constitution provides for the election of constables in each magisterial district. See Kentucky Constitution, Section 99. Constables are made peace officers by the provisions of KRS 61.130. A constable is a "police officer" and as such, operates an "emergency vehicle" within the meaning of the statute. KRS 189.920 to 189.950.

In rural counties, the sheriff's staff is limited by lack of funds. The "thin grey line" of state police is limited for the same reason. Most rural counties are not able to maintain county patrolmen. In exigent circumstances an emergency may arise. A rural bank has been robbed. Unable to reach a state policeman, the sheriff calls upon a constable for assistance. The sheriff takes the "high road"; the constable takes the "low road." The constable overtakes the robber. Without the additional badge of authority, (the blue flashing rotating light) the robber may get away.

With crime on the increase peace officers need all the assistance that is available, including a "blue flashing" rotating light.

The effect of the majority opinion deprives constables of this aid. It relegates the constable to the position of an inferior police officer. Perhaps he should, as did Diogenes, an early Greek philosopher, get a lantern. He can then mount his mule and ride throughout his constablewick, carrying a lantern. He can look in the face of strangers, as did Diogenes, searching for an honest man.

A constable is a peace officer. I am of the opinion that he is also a police officer. In the performance of his duties he operates an "emergency vehicle." He should be permitted to use blue flashing, blue revolving lights on his emergency vehicle. If the legislature desires to deprive him of this privilege, let it say so.

PALMORE and REED, JJ., join in this dissent.